# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3972-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN FARKAS,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided July 10, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 95-05-0907.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Colleen K. Signorelli, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant John Farkas appeals from a Law Division order that he is subject to Megan's Law registration under N.J.S.A. 2C:7-2 based on his 1996 guilty plea conviction for criminal sexual contact of a seventeen-year-old victim. We affirm.

On May 8, 1995, a Hudson County grand jury indicted Farkas for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree sexual assault, N.J.S.A. 2C:14-2(c); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a), and third-degree criminal restraint, N.J.S.A. 2C:13-2. The alleged offenses were committed against a seventeen-year-old victim.

On September 12, 1996, defendant pled guilty to an amended charge of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), and third-degree criminal restraint, N.J.S.A. 2C:13-2. On November 14, defendant was sentenced to four years of probation with a condition of 364 days in county jail, mandatory recovery meetings, and maintenance of employment. The judgment of conviction (JOC) erroneously stated defendant pled guilty to fourth-degree aggravated criminal sexual contact.

On March 18, 1997, defendant was told by his probation officer to register as a Megan's Law sex offender under N.J.S.A. 2C:7-2. However, the plea and sentencing judge (first trial judge) issued a June 5, 1997 letter to "To Whom It

2

May Concern," stating defendant's conviction "does not fall within the purview of Megan's Law."

In 2002, before being released from county jail on unrelated charges, defendant signed several forms indicating he had been advised of his duty to register as a Megan's Law sex offender. Defendant did not register.

Despite the first trial judge's letter stating that defendant's conviction was not subject to Megan's Law registration, defendant was charged in January 2006 with failing to register as a Megan's Law sex offender after being arrested for armed robbery and related charges. Seven months later, in August 2006, the State moved to amend defendant's 1996 JOC to correctly reflect that defendant "is subject to Megan's Law as a matter of law" because the victim of the convictions for fourth-degree criminal sexual contact and third-degree criminal restraint was "[seventeen] years old at the time of the attack."

On September 12, a second trial judge granted the State's motion, noting that defendant was "personally served and [did] not appear[] before the [c]ourt."[1]

---

[1] The notice of motion was served on defendant's attorney who was representing defendant in the then-pending armed robbery case. Defendant was incarcerated at the time and claims he did not receive notice of the pending motion.

A-3972-22

The judge ordered the JOC be amended to "specify that [defendant] is to be registered as a sex offender pursuant to Megan's Law requirements."[2] The order also directed the JOC be amended to correctly reflect that defendant was convicted of fourth-degree criminal sexual contact by removing the designation of "aggravated." However, the amended JOC erroneously sentenced defendant to parole supervision for life and did not remove "aggravated" from his criminal sexual contact conviction nor state that defendant was subject to Megan's Law registration.

Twelve years later, in June 2019, the self-represented defendant filed a motion to correct an illegal sentence, arguing he was not subject to Megan's Law because the victim, even if she was seventeen years old, was not a "minor." A third trial judge denied the motion on June 9, 2020. That same day, defendant's JOC was finally amended to properly reflect defendant's correct conviction and his Megan's Law registration obligations.

Defendant appealed the third trial judge's order denying his motion to correct an illegal sentence, and this court affirmed. State v. Farkas, A-4386-19 (App. Div. Mar. 17, 2022).

---

[2] There is no motion hearing transcript in the record.

In April 2023, defendant renewed his efforts to vacate his Megan's Law registration obligations by filing another motion to correct an illegal sentence; this time relying on the recently obtained transcript of the May 8, 1995 grand jury proceeding. After hearing oral argument, Judge Angelo Servidio reserved decision. The judge subsequently issued an order and written opinion denying defendant's motion.

Judge Servidio determined "[d]efendant is subject to Megan's Law as the crime [of criminal sexual contact] that [he] plead[ed] to falls under the purview of Megan's [Law] and the requirement of registration is remedial not punitive." The judge rejected defendant's argument that because the charge of endangering a minor, N.J.S.A. 2C:24-4, was no billed, "that fact [proves] [the victim] was . . . not a minor." The judge reasoned the argument erroneously assumes the only element needed to be satisfied under N.J.S.A. 2C:24-4 is that the victim was a minor, which is "untrue," and he could not "speculate as to what element the [g]rand [j]ury . . . believe[d] that the State did or did not prove under [its] burden."

Next, the judge considered defendant's contention that his guilty plea did not require him to state the victim's age during his allocution, thereby not obligating him to register as a Megan's Law sex offender. The judge held

Megan's Law does not require an "allocution by the [d]efendant that the victim was a minor." The judge emphasized "[the victim] was [seventeen] years of age at the time of the offense and this fact was testified to not only at the grand jury hearing, but also" at the 2006 hearing when the JOC was amended. Because defendant's guilty plea to criminal sexual contact "involved a victim who was a child," the judge stated Megan's Law applies to defendant's conviction.

Lastly, Judge Servidio rejected defendant's argument that because registering under Megan's Law was not part of his guilty plea nor was it raised at sentencing, the delayed imposition constitutes "additional punishment," and is "fundamentally unfair." Citing Doe v. Poritz, 142 N.J. 1, 12-13 (1995), the court ruled that Megan's Law registration is remedial in nature, not punitive, and because defendant's conviction and sentencing was entered after the effective date of Megan's Law, he is subject to the law's registration requirements.

Defendant's appeal was initially placed on our Sentencing Oral Argument calendar. See R. 2:9-11. The reviewing panel ordered the matter be relisted for plenary review.

Before us, defendant argues:

POINT I

THE MEGAN'S LAW REGISTRATION COMPONENT OF DEFENDANT'S 1996 SENTENCE IS ILLEGAL AND MUST BE VACATED.

A. DEFENDANT IS NOT AND WAS NOT SUBJECT TO MEGAN'S LAW REGISTRATION.

B. THE IMPOSITION OF MEGAN'S LAW REGISTRATION ON DEFENDANT IS A VIOLATION OF HIS RIGHTS TO DUE PROCESS OF LAW AND ALLOCATION.

C. THE TRIAL COURT WAS WITHOUT JURISDICTION TO AMEND DEFNEDANT'S 1996 SENTENCE AFTER THAT SENTENCE HAD BEEN COMPLETED.

We conclude these arguments are without merit and affirm Judge Servidio's order substantially for the cogent and concise reasons expressed in his opinion. The judge did not abuse his discretion in reviewing defendant's sentence, State v. Torres, 246 N.J. 246, 272 (2021), and our de novo review concludes his determination that the sentence is legal and supported by our criminal code, State v. Hudson, 209 N.J. 513, 529 (2012).

Under Megan's Law, any person convicted of a "sex offense . . . shall register" in accordance with its provisions. N.J.S.A. 2C:7-2(a)(1). A sex offense includes "criminal sexual contact pursuant to subsection b. of N.J.S.[A.] 2C:14-3," the crime to which defendant pleaded, "if the victim is a minor."

7

N.J.S.A. 2C:7-2(b)(2). In this context, "minor" includes victims that are seventeen years old. State v. ex rel. J.P.F., 368 N.J. Super. 24, 27, 45 (App. Div. 2004).

There is no question that the victim was seventeen at the time of the offense, and defendant's argument that she was not a "minor" for Megan's Law purposes has already been rejected by this court. Farkas, slip op. at 12-18; see also R. 1:36-3 (providing that an unpublished opinion is precedential to the extent it constitutes res judicata). The first trial judge's 1997 letter that defendant is not subject to Megan's Law is incorrect and does not alter our analysis. See State v. Campione, 462 N.J. Super. 466, 492 (App. Div. 2020) (quoting State v. Twiggs, 233 N.J. 513, 532 (2018) (holding our review of a legal question is de novo and we do not defer to a trial judge's interpretation of the law)).

Defendant's due process arguments also fail. Notice of the State's motion to amend his sentence was served on his attorney who was representing him at the time in his other matter. Additionally, there is nothing in the record to contradict Judge Servidio's finding that defendant failed to appear in court after being "personally served."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8